# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MATWELD, INC., | Civil No. 04-3177 (JRT/RLE) |
| Plaintiff, | |
| v. | **ORDER** |
| PORTACO, INC., | |
| Defendants. | |

Frank S. Farrell, Jr., **F. S. FARRELL, LLC**, 7101 York Avenue South, Suite 305, Edina, MN 55435; Lloyd L. Zickert, **ZICKERT LAW OFFICE**, 79 West Monroe Street, Chicago, IL 60603; and R. Kristian Svingen, **SVINGEN, HAGSTROM, KARKELA, CLINE & DIRKS, PLLP**, 125 South Mill Street, Fergus Falls, MN 56537, for plaintiff.

Benjamin C. Diederick and Michael S. Neustel, **NEUSTEL LAW OFFICES, LTD.**, 2534 South University Drive, Suite 4, Fargo, ND 58103; and Kent D. Mattson, **PEMBERTON SORLIE RUFER & KERSHNER**, P.O. Box 866, Fergus Falls, MN 56538, for defendant.

Plaintiff Matweld, Inc. ("Matweld") and defendant Portaco, Inc. ("Portaco") have each filed motions in limine in preparation for trial in this patent infringement lawsuit. Portaco has also filed a motion for sanctions under Rule 11. For the following reasons, the Court grants in part and denies in part the motions.

## BACKGROUND

Matweld and Portaco manufacture competing portable multi-purpose railroad grinders. A grinder is used to grind field weld sections connecting two rail sections. Both devices use a tubular steel frame and are operated by a worker standing upright.

The worker controls the grinder by using bicycle-type handlebars. At the bottom is the grinding stone, which is powered by a hydraulic motor. Both devices allow the angle of the grinding stone to be adjusted in a vertical or horizontal position. Matweld's grinder, however, also allows the grinding stone to be adjusted to angles in between horizontal and vertical. Portaco's grinder simply locks the grinding stone into either a horizontal or vertical position. Matweld holds a patent on its "Multi-Purpose Grinder," U.S. Patent 6,663,476 ("the '476 patent"). The patent issued on December 16, 2003.

On February 18, 2004, Matweld filed suit against Portaco, raising claims of patent infringement and unfair competition.[1] Specifically, Matweld alleged that Portaco's railroad grinders, including the Portaco Multi-Purpose Grinder (Model No. GW-10-89-1) and the Portaco Non-Adjustable Grinder (Model No. GW-10-89-0, infringe the '476 patent. Portaco counterclaimed for a declaratory judgment of noninfringement. Portaco claims that one of its grinders, Model No. GW-10-89-1, has not been sold since the '476 patent issued, and therefore does not infringe the patent. Portaco also claims that the other grinder at issue, Model No. GW-10-89-0, does not infringe Matweld's patent because at least one of the claim limitations in the '476 patent is not present in Portaco's grinder.

---

[1] Matweld initially filed suit against Portaco in the United States District Court for the Northern District of Illinois. On June 21, 2004, the Northern District of Illinois determined that witness convenience favored transferring venue of the case to the District of Minnesota, and ordered the case transferred.

## ANALYSIS

**I.     CLAIM CONSTRUCTION**

Patent infringement is the unauthorized making, using, selling, offering to sell, or importing into the United States of any patented invention during the term of the patent. 35 U.S.C. § 271(a). A determination of infringement requires a two-step analysis. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 981 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996). First, the court must construe the claims as a matter of law. *Id.* Second, the court compares the allegedly infringing device to the construed claims. *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed. Cir. 2004). This step is a question of fact. *Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998).

In claim construction, the words of the claim are generally given the ordinary and customary meaning they would have to a person of ordinary skill in the art in question at the time of invention. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005). To ascertain this meaning, courts look to the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning the meaning of technical terms and the state of the art. *Id.* at 1314.

Here, the disputed terms are found in Claim 1 of the '476 patent, which states that the claimed device, "a portable rail grinding machine," comprises "means mounting the grinder on the frame for adjustably setting the stone between horizontal and vertical positions *and therebetween* . . . ." *Id.* (emphasis added). Portaco argues that the language "and therebetween" is a claim limitation, such that the grinder claimed under the patent must be adjustable to vertical and horizontal positions, as well as angles between vertical and horizontal.

The Court agrees with Portaco's proposed claim construction. Claim 1 of the '476 patent specifically states that the grinder includes a means to adjust the angle of the grinding stone "between horizontal and vertical positions and therebetween." The use of the word "and" before "therebetween" indicates that the ability to adjust the angle of the grinding stone to an angle between vertical and horizontal is a required claim element. Therefore, the Court construes the claim term "and therebetween" to mean: the angle of the grinding stone must be adjustable to vertical and horizontal positions, as well as angles between vertical and horizontal.

## II.     PORTACO'S MOTIONS

### 1.     Portaco's Motion in Limine regarding Matweld's Exhibit # 50

Matweld's Exhibit # 50 is a claim chart. Portaco moves to exclude Exhibit # 50, arguing that claim construction is a matter for the Court. As set forth above, the Court has construed the disputed claim in this case. However, that does not provide any reason for excluding Matweld's proposed claim chart. Accordingly, the Court denies Portaco's motion in limine to exclude Matweld's Exhbit # 50. If there are alleged inaccuracies concerning Exhibit # 50, the Court will review such evidentiary objections during trial.

### 2.     Portaco's Motion in Limine regarding Experts

Portaco moves to exclude Matweld's proposed experts, Thomas Dickey and Joel Block, asserting that they were not timely disclosed. Matweld responds that it is only using its experts in rebuttal.

Portaco also moves to exclude Matweld's Exhibit # 54. Exhibit # 54 is a chart of Portaco's sales and a billing invoice, and contains a caption by Matweld: "Total Sales of

PortaCo's Infringing Device." Portaco argues that Exhibit # 54 should be excluded because it contains false and irrelevant information.

With respect to Portaco's motion to exclude Mr. Dickey and Mr. Block, the Court denies the motion; however, the two witnesses are limited to testifying as rebuttal witnesses, if necessary. With respect to Portaco's motion to exclude Matweld's Exhibit # 54, the motion is also denied. Whether the document is accurate or not will be determined by the Court at trial after foundation for its admission is laid.

### 3. Portaco's Motion for Leave to File Supplemental Exhibit and Witness List

Portaco seeks leave to file a supplemental exhibit and witness list. Portaco states that Matweld included instructions on "pioneer invention" status in its proposed jury instructions. Portaco argues that to the extent Matweld seeks "pioneer invention" status, it is a new theory, and Portaco should be permitted to supplement its exhibit and witness list in order to respond to the pioneer invention status theory. Specifically, Portaco argues that it has discovered several examples of prior art, which would preclude Matweld from asserting that it is entitled to pioneer invention status.

The Court grants Portaco's motion only to the extent that additional witnesses or exhibits may be added to the lists only for the purpose of responding specifically to any claimed "pioneer invention" status.

### 4. Portaco's Motion to Strike Matweld's Trial Brief

Portaco moves to strike Matweld's second trial brief, arguing that it is untimely and presents new issues on the eve of trial. Specifically, Portaco contends that in the

second trial brief, Matweld raises claims of inducement to infringe and contributory infringement for the first time.

The Court has reviewed the plaintiff's complaint and finds that the complaint sufficiently placed Portaco on notice of Matweld's claims of inducement to infringe and contributory infringement.  Accordingly, the Court denies the motion.

### 5. Portaco's Rule 11 Motion

Portaco moves for sanctions against Matweld under Rule 11, arguing that Matweld failed to meet its pre-filing obligations.  In patent infringement actions, the Federal Circuit has construed the provisions of Rule 11 to require an attorney to analyze the structure of the allegedly infringing device and then compare the structure of the device to the properly interpreted claims.  *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066, 1073 (Fed. Cir. 2002).  Although the attorney may consult with his client regarding the accused device, the attorney "may not rely solely on the client's lay opinion that the accused device infringes the patent."  *Id.* at 1074.

Portaco argues that, based on Matweld's responses to interrogatories, Matweld did not have an attorney compare the accused devices to its patented device before it filed its lawsuit.  Matweld responds that it did meet its pre-filing obligations under Rule 11.  For example, Matweld asserts that it provided a catalogue page depicting Portaco's grinder to its counsel, who had prosecuted Matweld's patent, and Matweld's counsel subsequently requested and received exploded parts drawings from Portaco.  Based on his examination of the catalogue page and the drawings, Matweld's counsel concluded that Portaco's device infringed Matweld's patent.

The Court finds that Matweld has made a sufficient showing that it met its pre-filing obligations, and therefore the Court denies Portaco's motion for sanctions under Rule 11.

### III. MATWELD'S MOTIONS

#### 1. Matweld's Motion In Limine To Bar Evidence on Invalidity for Anticipation or Obviousness

Portaco claims that Matweld's patents are invalid for anticipation or for obviousness, and intends to support its claims with evidence of prior art. Matweld moves to exclude Portaco from introducing any evidence or testimony of prior art, arguing that Portaco failed to disclose any prior art evidence, even though it was requested during discovery.

Portaco responds that it intends to rely on documents produced by Matweld as evidence of prior art. Based on Portaco's statement that it intends to rely on documents produced by Matweld as evidence of prior art, the Court denies the motion.

#### 2. Matweld's Motion In Limine To Preclude Thomas Nikolai From Testifying As To Patent Infringement And Invalidity

Matweld moves to exclude Thomas Nikolai ("Nikolai") from testifying. Nikolai is a patent attorney, and Portaco intends to call him to testify at trial on the issues of patent infringement and invalidity. Matweld argues that Nikolai's testimony must be excluded because Portaco did not identify him as expert witness, and Nikolai did not submit an expert report as required under Fed. R. Civ. P. 26(a)(2).

Portaco responds that it identified Nikolai as an expert to be used at trial, and provided his expert opinion to Matweld on May 4, 2005. Because Portaco identified

Nikolai as an expert to be used at trial and provided his expert report, the Court denies the motion.

### 3.     Matweld's Motion to Exclude Nikolai Opinion Letter

Matweld moves to exclude a letter from Nikolai to Portaco, arguing that the letter was not timely produced, and constitutes improper expert testimony and inadmissible hearsay.  Matweld also argues that, to the extent that Portaco seeks to offer the Nikolai opinion letter to prove reliance on advice of counsel for a willfulness defense, the Nikolai opinion letter should be excluded as irrelevant to that defense.

The Court denies the motion.  Matweld has not shown any prejudice resulting from the timing of the production of the letter.  With respect to Matweld's remaining objections to the letter, the Court will address these objections during trial when the letter is introduced, if necessary.

### 4.     Matweld's Motion In Limine To Bar Evidence Of Invalidity for Lack of Utility and Failure to Comply with Written Description, Enablement and Definiteness Requirements

Portaco claims that Matweld's patent is invalid under 35 U.S.C. § 101 for lack of utility, and 35 U.S.C. § 112 for failure to comply with written description, enablement, and definiteness requirements.  Matweld moves to exclude Portaco from introducing any evidence related to these claims, arguing that Portaco has provided no evidence or expert testimony regarding these claims during discovery, and should be precluded from introducing additional evidence now.

The Court denies the motion. If Portaco offers no or insufficient evidence on these claims during the trial, the Court will hear argument on this motion at that time.

### 5.  Matweld's Motion In Limine To Exclude Evidence Regarding "Unclean Hands"

Matweld moves to exclude Portaco from offering any evidence of unclean hands at trial, on the grounds that any such evidence should have been produced in discovery, and that Portaco failed to produce any evidence of unclean hands during discovery. Portaco opposes the motion, but still has not identified any evidence of unclean hands.

The Court grants the motion. Portaco is free to bring to the Court's attention any evidence of fraud. However, evidence of fraud should not be the subject of testimony at trial unless the Court specifically permits such testimony to be offered.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Portaco's Motion for Leave to file Motion in Limine [Docket No. 96] is **GRANTED**;

2.  Portaco's Motion in Limine regarding Matweld's Exhibit # 50 [Docket No. 99] is **DENIED**;

3.  Portaco's Motion in Limine regarding Experts [Docket No. 74] is **DENIED**;

4.  Portaco's Motion for Leave to File Supplemental Exhibit and Witness List [Docket No. 81] is **GRANTED**;

5.   Portaco's Motion to Strike Matweld's Trial Brief [Docket No. 85] is **DENIED**;

6.   Portaco's Motion for Sanctions Pursuant to Rule 11 [Docket No. 108] is **DENIED**;

7.   Matweld's Motion In Limine To Bar Evidence on Invalidity for Anticipation or Obviousness [Docket No. 69] is **DENIED**;

8.   Matweld's Motion In Limine To Preclude Thomas Nikolai From Testifying as to Patent Infringement And Invalidity [Docket No. 70] is **DENIED**;

9.   Matweld's Motion to Exclude Nikolai Opinion Letter [Docket No. 71] is **DENIED**;

10.   Matweld's Motion In Limine To Bar Evidence Of Invalidity for Lack of Utility and Failure to Comply with Written Description, Enablement and Definiteness Requirements [Docket No. 72] is **DENIED**;

11.   Matweld's Motion In Limine To Exclude Evidence Regarding "Unclean Hands" [Docket No. 73] is **GRANTED**.

This matter is scheduled for trial on October 31, 2006 at 9:00 a.m. before the Honorable John R. Tunheim.  The trial will be held in Courtroom 2 at the United States Courthouse, 118 South Mill Street, Fergus Falls, MN 56537.


Dated: August 23, 2006                                         s/John R. Tunheim
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                                       United States District Judge